# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| **JOHNATHON NIGHTENGALE**, | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| **SIMM ASSOCIATES, INC.**, | *JURY TRIAL DEMANDED* |
| Defendant. | |

## I. NATURE OF ACTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and of the Revised Code of Washington, Chapter 19.16, both of which prohibit debt collectors from engaging in abusive,

Complaint - 1

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy by intrusion, ancillary to Defendant's collection efforts.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, Johnathon Nightengale, is a natural person residing in the State of Washington, County of Cowlitz, and City of Kalama.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), and a "debtor" as defined by RCW § 19.16.100(11).

5. At all relevant times herein, Defendant, Simm Associates, Inc., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and a "licensee," as defined by RCW § 19.16.100(9).

## IV. FACTUAL ALLEGATIONS

7. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

Complaint - 2

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Defendant's conduct violated the FDCPA and RCW § 19.16 in multiple ways, including but not limited to:

a. Threatening to take nonjudicial action to effect dispossession or disablement of Plaintiffs property where there was no present right to possession of the property claimed as collateral through an enforceable security interest.  In or around Mid-October, 2009, Defendant, through its representative, "Asia," called Plaintiff in an attempt to collect the debt.  During the call, Defendant made multiple demands for Plaintiff to pay part or all of the debt.  When Plaintiff refused each offer in turn, Asia told him that Defendant could garnish 25% of Plaintiff's wages and take money from his checking account, savings account, and 401k.  When Plaintiff informed Asia that he does not have a checking account, savings account or 401k, Asia told him that Defendant could take everything that Defendant owns.  Becausae neither Defendant nor its client has a judgment against Plaintiff for the debt, such actions could only be taken nonjudicially (§ 1692f(6)(A))

b. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.  Defendant threatened to take everything that Plaintiff owns in payment of the debt.  This is not possible because Washington has established exemption laws protecting certain of Defendant's property from attachment (§ 1692e(5);

c. Where Defendant had not yet made an attempt to contact Plaintiffs counsel or had not given Plaintiffs counsel sufficient time to respond to the initial attempt to communicate with Plaintiffs counsel, and where Plaintiffs counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§ 1692c(a)(2)).

8. Defendant's aforementioned activities, set out in paragraph 7, also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable

Complaint - 3

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

person. With respect to the setting that was the target of Defendant's intrusions, Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

9. As a result of Defendant's behavior, detailed above, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

- A. Declaratory judgment that Defendant's conduct violated the FDCPA;
- B. Actual damages;
- C. Statutory damages;
- D. Costs and reasonable attorney's fees; and,
- E. For such other and further relief as may be just and proper.

Complaint - 4

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

# COUNT II: VIOLATION OF WASHINGTON COLLECTION AGENCY ACT, WHICH IS A PER SE VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

11.     Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

      A.     Actual damages;

      B.     Discretionary Treble Damages;

      C.     Costs and reasonable attorney's fees,

      D.     For such other and further relief as may be just and proper.

# COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION

12.     Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

      A.     Actual damages

      B.     Punitive Damages; and,

      C.     For such other and further relief as may be just and proper.

Complaint - 5

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Respectfully submitted this 21st day of December, 2009.

        <u>s/Jon N. Robbins</u>
        Jon N. Robbins
        WEISBERG & MEYERS, LLC
        Attorney for Plaintiff

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com